UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUBLIX SUPER MARKET, INC.,
In its Capacity as Plan Sponsor and Plan
Administrator of the Publix Super Markets,
Inc., Group Health Plan Benefit,
          Plaintiff,

v.                                              Case No. 8:19-CV-545-T-27AEP

PATRICIA FIGAREAU, and FRANTZ PAUL,
Individually and on behalf of L.P., a minor,
MARIA D. TEJEDOR, Esquire, and
DIEZ-ARGUELLES & TEJEDOR, P.A.,

          Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge recommending that Plaintiff's Motion for Preliminary Injunction (Dkt. 13) be granted (Dkt. 48). Defendants have objected (Dkt. 48), to which Plaintiff has responded (Dkt. 51). Upon consideration, Defendants' objections are overruled. The Report and Recommendation (Dkt. 48) is accepted and adopted. Plaintiff's Motion for Preliminary Injunction (Dkt. 13) is **GRANTED**.

### *Standard of Review*

A report and recommendation may be accepted, rejected, or modified. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). And the report and recommendation is reviewed for "clear error" even in the absence of objections. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

1

### *Defendants' Objections*

Defendants make five objections: (1) there is insufficient evidence that Plaintiff's health plan is subject to ERISA, (2) documents other than the Plan do not create the right to a lien, (3) Plaintiff cannot establish that it is entitled to a temporary injunction, (4) Plaintiff cannot maintain a cause of action against Defendants Tejedor or Diez-Arguelles & Tejedor, P.A., and therefore, an injunction should not issue against them, and (5) the underlying settlement involves claims brought by a minor and must be supervised by a Florida court.[1]

#### *A. There is insufficient evidence that the Plaintiff's Plan is subject to ERISA*

Defendants contend that the magistrate judge incorrectly concluded that Plaintiff's health plan is governed by ERISA, which preempts any state laws that may relate to the plan. (Dkt. 49 at pp. 2-3). To support this contention, Defendants proffer "Form 5500" to infer that Plaintiff has failed to prove that its plan is governed by ERISA. However, neither this argument nor Form 5500 were presented to the magistrate judge for consideration. And in this Circuit, arguments raised for the first time in objections to a report and recommendation need not be considered. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). I decline to consider evidence not presented to the magistrate judge.

Defendants further contend that Plaintiff never provided them with "an actual copy of the plan itself" and therefore "[i]t cannot establish what its rights are without providing the documents that specifies those rights." (Dkt. 49 at pp. 3-6). But this contention fails to identify error on the part

---

[1] Defendants acknowledge if the Plan is self-funded, ERISA applies, the Plan has a lien on any recovery, and ERISA preempts state law.

of the magistrate judge. Notwithstanding, this argument is not well-taken.

Contrary to Defendants' argument, the magistrate judge correctly determined, based on the evidence presented to him, that Plaintiff's plan is self-funded. Specifically, the magistrate judge considered the Complaint and Affidavit of Plaintiff's Vice President of Benefits Administration (Dkt. 14-1), which supports his finding. And the magistrate judge's conclusion that the Summary Plan Description constitutes the ERISA instrument that governs the benefits available under the Plan is likewise correct. The Summary Plan Description sets out the terms that govern the benefits available under the Plan and control the rights and obligations of the parties. *See e.g., Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan v. Montanile*, 593 F. App'x 903, 911 (11th Cir. 2014) ("We hold that the NEI Summary Plan Description constitutes a written instrument that sets out enforceable 'terms of the plan.' "), *rev'd on other grounds sub nom.*, *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, __ U.S. __, 136 S. Ct. 651, 658 (2016).[2]

***B. The documents other than the Plan that Plaintiff relies on do not create the right to a lien***

Defendants contend that the magistrate judge erred in concluding that Plaintiff's plan documents sufficiently identify the particular fund from which reimbursement must be made. (Dkt. 49 at pp. 7-8). Specifically, Defendants contend that the language from Plaintiff's Plan Summary and Employee Handbook are contradictory, which "invalidates the application of ERISA." (Id. at p. 7). Defendants contentions are without merit.

---

[2] *See also Rhea v. Alan Ritchey, Inc. Welfare Benefit Plan*, 858 F.3d 340, 345-47 (5th Cir. 2017) ("When the [self-funded] Plan paid Rhea's medical expenses, its [summary plan description ("SPD")] was functioning as both an SPD and a written instrument. That is nothing peculiar: Plan sponsors commonly use a single document to satisfy both requirements, and courts have blessed the practice.").

3

The magistrate judge correctly concluded, based on a review of both the Member Handbook and the Summary Plan Description, that the specific fund, as well as the reimbursement amount, were sufficiently identified. (Id.). Indeed, Defendants's contentions are belied by the Member Handbook. According to the Handbook, "[a] a condition of receiving benefits, the member must . . . [i]mmediately reimburse the Plan, out of any recovery made from another party, the amount of medical, prescription or other health care benefits paid for the injury or illness by the Plan up to the amount of the recovery . . .." And when a member retains an attorney, the recovery shall be held in a constructive trust. (Dkt. 1-3 at pp. 44-45). Read together, this language satisfies the creation of a "lien by agreement." *See Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 366 (2006); *Popowski v. Parrot*, 461 F.3d 1367, 1373 (11th Cir. 2006).

Moreover, the magistrate judge was correct in concluding that by virtue of Plaintiff's plan documents and description, its ERISA equitable lien attached as soon as a settlement was reached. *See* (Dkt. 1-3 at pp. 44-45); *Sereboff*, 547 U.S. at 366 ("the fund over which a lien is asserted need not be in existence when the contract containing the lien provision is executed"). Accordingly, Defendants' objection is overruled.

### *C. Plaintiff cannot establish that it is entitled to a Temporary Injunction*[3]

Defendants contend that because Plaintiff cannot establish its plan is subject to ERISA, the evidence does not show a "substantial likelihood" that Plaintiff will prevail. However, as discussed, the magistrate judge correctly concluded that sufficient evidence exists that the Plan is self-funded

---

[3] To obtain a preliminary injunction, the moving party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest." *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011) (citing *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 968 (11th Cir. 2005)).

and therefore subject to ERISA.

Defendants next contend that "irreparable harm" has not been established because they stipulated that the funds in question will not be disbursed without authorization from the court. (Dkt. 49 at p. 10). This argument is likewise without merit.[4] The magistrate judge correctly concluded that Defendants' pursuit of an order in the Probate Action to reduce the ERISA governed lien would frustrate Plaintiff's rights under ERISA. The reduction of the lien would therefore cause irreparable harm. Accordingly, their objection is overruled.

**D. Plaintiff cannot maintain a cause of action against Defendants Tejedor or Diez-Arguelles & Tejedor, P.A., and therefore, an injunction should not issue against them**

Defendants contend that because Plaintiff does not allege an agreement between the Plan Administrator and Maria Tejedor or her law firm, there is no authority to impose an equitable lien under ERISA on the funds in their possession. (Dkt. 49 at p. 11). This contention is without merit.

The magistrate judge correctly concluded that under well settled precedent, Plaintiff may bring a civil action seeking equitable relief under § 502(a)(3) of ERISA to enforce its plan, and specifically, through imposition of a constructive trust. (Dkt. 48 at pp. 7-8). And as thoroughly discussed in the Report and Recommendation, the magistrate judge correctly found that the Member Handbook expressly provides for the imposition of a constructive trust on the settlement funds. (See id. at p. 9). According to the Plan,

> **When a Member Retains an Attorney**
> A member's attorney who comes into possession of funds constituting a recovery (whether by judgment, *settlement*, compromise or otherwise) for an injury or illness

---

[4] Defendants fail to provide any authority in support of this contention. "A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012).

5

in which the Plan has paid or will pay benefits, has an absolute obligation to immediately tender the portion of the recovery subject to the Plan's equitable lien to the Plan under the terms of this provision. As a possessor of a portion of the recovery, *the member's attorney holds the recovery as a constructive trustee for the Plan*, because neither the member nor the member's attorney is the rightful owner of the portion of the recovery subject to the Plan's lien. The portion of the recovery owed for the Plan's lien is an asset of the Plan.

(Dkt. 1-3 at p. 45) (emphasis added).

Defendants' contentions that they are not proper defendants is foreclosed by Supreme Court precedent, as it is apparent they are in possession of funds constituting a recovery for an injury for which the Plan paid benefits. *See Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000) (stating that "§ 502(a)(3) admits of no limit . . . on the universe of possible defendants. Indeed, § 502(a)(3) makes no mention at all of which parties may be proper defendants—the focus, instead, is on redressing the 'act or practice which violates any provision of [ERISA Title I].' ").[5]

### *E. The underlying settlement involves claims brought by a minor and must be supervised by the Florida Court*

Defendants contend that the Florida Probate court has jurisdiction over the settlement funds. However, as correctly stated by the magistrate judge, ERISA grants exclusive jurisdiction over Plaintiff's cause of action, which is collateral to the state court settlement. I find that injunctive relief is appropriate because Defendants' efforts in the Probate action to reduce the ERISA lien violate the terms of the Plan, threaten Plaintiff's right to equitable relief, and intrude into this court's exclusive jurisdiction under 29 U.S.C. § 1132(e)(1). *See id.* (providing in pertinent part: "Except for actions

---

[5] *See also Spinx Co., Inc. v. Goeddel*, Case No. 6:09-cv-1771, 2009 WL 10670808, at *2 (M.D. Fla. Oct. 23, 2009) (restraining defense counsel from disposing of funds held in a constructive trust that were a result of a personal injury settlement).

under subsection (a)(1)(b) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a . . . fiduciary."). Accordingly, the state court lacks jurisdiction to decide Plaintiff's rights under ERISA.[6]

### *Conclusion*

After careful consideration of the Report and Recommendation in conjunction with an independent examination of the file and a *de novo* review of those portions to which objection is made, the Court is of the opinion that the Report and Recommendation should be and is hereby adopted. Accordingly, Plaintiff's Motion for Preliminary Injunction (Dkt. 13) is **GRANTED** as set forth in the the Report and Recommendation (Dkt. 48). Specifically, Defendants are directed to cancel the state court hearing scheduled for July 2, 2019 and are enjoined from seeking allocation of the settlement proceeds or reduction of the Plan's collateral source lien in state court, or otherwise interfering with the Plan's full and first priority right of reimbursement. Further, Defendants and all those acting in concert with them are enjoined from disbursing, disposing of, or otherwise dissipating the settlement proceeds held or controlled by them, pending further order of this court.

**DONE AND ORDERED** this 27th day of June, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[6] Defendants do not object to the magistrate judge's finding that Plaintiff's ERISA action falls outside the Anti-Injunction Act.