UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PUBLIX SUPER MARKETS, INC.**,

    Plaintiff,

v.                                                      Case No: 8:19-cv-545-T-27AEP

**PATRICIA FIGAREAU**, individually and
on behalf of L.P., a minor, **FRANTZ PAUL**,
individually and on behalf of L.P., a minor,
**MARIA D. TEJEDOR**, and **DIEZ-
ARGUELLES & TEJEDOR, P.A.**,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' motion to dismiss Plaintiff Publix Super Markets, Inc.'s Complaint (Dkt. 12), and Publix's response (Dkt. 22). Upon consideration, the motion is **GRANTED in part** and **DENIED in part**.

**I.    FACTUAL ALLEGATIONS**

This is an action under the Employee Retirement Income Security Act (ERISA) to obtain reimbursement for health benefits paid by an employer's ERISA plan. Publix is the sponsor and administrator of its Group Health Benefit Plan (the "Plan"), which provides medical expense benefits to eligible employees and dependents. (Dkt. 1-1 ¶ 2). The Plan is self-funded, is not insured through commercial carrier health insurance, and includes a reimbursement provision. (Id. ¶¶ 2-3). Paul is a Publix employee and is enrolled in the Plan. (Id. ¶ 8).

Paul and Figareau are the parents of minor child L.P., who sustained an injury at birth. (Id. ¶¶ 7, 9). The Plan paid $88,846.39 in medical expense benefits related to her injury. (Id. ¶ 13).

1

Her parents retained Tejedor and the law firm Diez-Arguelles & Tejedor, P.A. (the "Attorney Defendants") to bring a medical negligence action against the medical providers. (Id. ¶¶ 9-10, 21). The matter settled, and the "funds are housed in a designated structured settlement account established by [Paul and Figareau]." (Id. ¶ 14). There are additional funds that "have been deducted from the gross settlement [that] either remain in the attorney Defendants' trust account or are otherwise subject to the attorney Defendants' possession and control." (Id. ¶ 15).

Prior to settlement, Publix moved to intervene in the negligence action to "protect[] the Plan's first-priority right of reimbursement," but Defendants voluntarily dismissed the action with prejudice before Publix's motion was resolved. (Id. ¶ 17). Publix also notified Paul of the Plan's right of reimbursement "[t]hroughout the course of the medical negligence action." (Id. ¶ 19).[1]

---

[1] As the Plan provides:

**Benefits Subject to Subrogation and Reimbursement**
This provision shall apply to all benefits provided under the Plan as outlined in this handbook . . . All benefits under this Plan are being provided by a self-insured employee welfare benefit plan under ERISA.
. . .
**First Priority Right of Subrogation and/or Reimbursement**
Any amounts recovered are subject to subrogation or reimbursement. The Plan is subrogated to all rights the member may have against that other person or another party and is entitled to first and full priority reimbursement out of any recovery to the extent of the Plan's payments. In addition, the Plan shall have a first priority equitable lien against any recovery to the extent of benefits paid and to be payable in the future. The Plan's first priority equitable lien supersedes any right that the member may have to be made whole. In other words, the Plan is entitled to the right of first reimbursement out of any recovery the member procures or may be entitled to procure regardless of whether the member has received full compensation for any of his or her damages or expenses, including attorneys' fees or costs and regardless of whether the recovery is designated as payment for medical expenses or otherwise. Additionally, the Plan's right of first reimbursement will not be reduced for any reason, including attorneys' fees, costs, comparative or contributory negligence, limits of collectability or responsibility, characterization of recovery as pain and suffering or otherwise. The Plan's right of first reimbursement shall not be defeated by the common fund doctrine or similar doctrine. . . .

**When a Member Retains an Attorney**
A member's attorney who comes into possession of funds constituting a recovery (whether by judgment, settlement, compromise or otherwise) for an injury or illness in which the Plan has paid or will pay benefits, has an absolute obligation to immediately tender the portion of the recovery subject to the Plan's equitable lien to the Plan under the terms of

In its Complaint, Publix seeks a constructive trust or equitable lien by agreement on the funds as reimbursement for the Plan's payment. (Id. ¶¶ 14-15). In Count I, Publix alleges that Defendants' refusal to provide reimbursement in the amount paid violates the Plan and entitles Publix to seek equitable relief under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the Plan's terms. (Id. ¶ 28). Publix brings Count II under 28 U.S.C. § 2201, seeking declaratory judgment that "constru[es] the ERISA Plan and the inapplicability of the 'make whole' and 'common fund' doctrines such that Publix is entitled to first priority reimbursement of the benefits that were paid" from the settlement proceeds. (Id. ¶ 33). In Count III, Publix seeks a preliminary injunction to enjoin Defendants from dissipating the settlement funds pending the Court's determination in Counts I and II. (Id. ¶ 39). A preliminary injunction has since issued. (Dkt. 52).

Defendants argue the Court lacks subject matter jurisdiction, raising several arguments for dismissal: (1) Publix does not raise an ERISA claim for equitable relief, but a claim for monetary damages that is more properly litigated in state probate court; (2) the Attorney Defendants are not parties to the Plan and therefore the claims against them are not cognizable; (3) declaratory judgments do not constitute "equitable relief" under ERISA and are therefore unavailable under 29 U.S.C. § 1132; (4) the underlying negligence action involves a minor and therefore requires

---

this provision. As a possessor of a portion of the recovery, the member's attorney holds the recovery as a constructive trustee for the Plan, because neither the member nor the member's attorney is the rightful owner of the portion of the recovery subject to the Plan's lien. The portion of the recovery owed for the Plan's lien is an asset of the Plan.

If the member retains an attorney, the member's attorney must recognize and consent to the fact that this provision precludes the operation of the made whole and common fund doctrines. The Plan will not pay the member's attorneys' fees and costs associated with effectuating any recovery of funds, nor will it reduce its reimbursement pro rata for the payment of the member's attorneys' fees and costs, without the expressed written consent of the Plan Administrator or Publix.

(Dkt. 1-3 at 44-45).

3

supervision by a Florida court; (5) the nature of this suit creates a conflict of interest for the Attorney Defendants; and (6) Publix failed to include in its Complaint a complete version of the Plan or any evidence that it paid for medical services. (Dkt. 12). Defendants also contend the funds at issue are subject to a suit in Florida probate court in which Blue Cross Blue Shield of Florida has asserted a lien in the same amount for paid medical expenses. (Id. at 2).

## II. STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

A defendant can attack subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure facially or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (modifications in original) (citation omitted).

Factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (internal quotation marks and citations omitted). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id*. (citation omitted).

## III. DISCUSSION

The motion to dismiss is due to be granted in part and denied in part. First, as alleged, Publix states a claim for equitable relief under ERISA. Second, the claims against the Attorney Defendants are cognizable because they hold the settlement proceeds in trust or possess the funds. Third, even if a declaratory judgment is available in an ERISA action, the claim is duplicative and unnecessary. Fourth, ERISA provides the Court exclusive jurisdiction to resolve Publix's ERISA claim and preempts any conflicting state statutes. Fifth, there is no conflict of interest that warrants dismissal. Finally, Publix did not need to attach a complete version of the Plan and evidence of payment for medical services to state its ERISA claim.

  I. <u>Equitable Relief Under ERISA</u>

Defendants first contend that, rather than an equitable claim for reimbursement under § 502(a)(3) of ERISA, Publix brings a "legal claim for monetary damages against a variety of parties, [which] should instead be litigated in the Probate Court of the Ninth Judicial Circuit in and for Orange County, where the issue of this same lien is already pending." (Dkt. 12 at 4). They rely on *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), which found that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the

5

defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." 534 U.S. at 214. Further, they argue the Plan does not identify the fund from which the payment should come or the portion due. (Dkt. 12 at 7). Defendants' contentions are without merit.

Section 502(a)(3) of ERISA provides that "a civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Eleventh Circuit has explained the types of claims a plaintiff may bring:

> The Supreme Court has construed § 1132(a)(3) to authorize only those categories of relief that were *typically* available in equity. Whether a remedy is legal or equitable depends on the basis for the plaintiff's claim and the nature of the underlying remedies sought. Not all relief falling under the rubric of restitution is available in equity. For instance, a claim that, in essence, seeks nothing other than compensatory *damages*—for example, one that seeks simply to impose personal liability for a contractual obligation to pay money is not equitable for the purposes of § 1132(a)(3). [T]he Supreme Court further clarified that, as long as a plaintiff is able to establish that the basis for its claim is equitable, bringing the claim as an action for breach of contract will not disqualify it under § 1132(a)(3).

*Popowski v. Parrott*, 461 F.3d 1367, 1372 (11th Cir. 2006) (emphasis in original) (internal quotation marks, citations, brackets, and ellipsis omitted).

In short, a plan's fiduciary may obtain equitable relief under § 502(a)(3) to enforce the terms of the plan through a constructive trust or equitable lien on a fund that is identifiable and within the possession and control of the defendant. *See Montanile v. Bd. Of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 658 (2016); *Sereboff v. Mid Atlantic Med. Srvs., Inc.*, 547 U.S. 356, 361-65 (2006) (holding that, where an ERISA plan creates an equitable lien by

6

agreement, a plan fiduciary may seek equitable relief under § 502(a)(3)). Indeed, relying on *Sereboff*, the Eleventh Circuit in *Popowski* found the terms of an ERISA plan created a lien by agreement. 461 F.3d at 1373. The court allowed the § 502(a)(3) claim, since the plan specified (1) the fund out of which reimbursement must be made, and (2) the portion of the fund that was due to be returned to the plan. *Id.*

Here, rather than seek monetary damages against the Defendants, Publix's Complaint requests equitable relief in the form of a constructive trust or equitable lien. (Dkt. 1-1 ¶¶ 1, 4-5, 14, 22, 28). And the Summary Plan Description and Member Handbook set out the terms governing the Plan's benefits, including the rights and obligations of the parties. (Dkt. 1-3 at 70 ("The Summary Plan Description and [Member Handbook] are the legal documents governing all benefits under the Plan.")); *see also Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan v. Montanile*, 593 F. App'x 903, 911 (11th Cir. 2014), *rev'd on other grounds*, 136 S. Ct. 651, 658 (2016) ("We hold that the NEI Summary Plan Description constitutes a written instrument that sets out enforceable 'terms of the plan.'").

Under the Plan's terms, the participants agree to "immediately reimburse the Plan, out of any recovery made from another party, the amount of medical, prescription or other health care benefits paid for the injury or illness by the Plan," and Publix is entitled "to first and full priority reimbursement *out of any recovery to the extent of the Plan's payments*." (Dkt. 1-3 at 44-45 (emphasis added)). Like the plan in *Popowski* which gave rise to a valid § 502(a)(3) claim, this language identifies both the fund out of which reimbursement must be made ("out of any recovery") and the portion of the fund that is due to be returned to the plan ("to the extent of the Plan's payments"). (Id.); *Popowski*, 461 F.3d at 1373.

The Member Handbook also directs that when an attorney possesses settlement funds

7

constituting recovery for a member's covered injury, "the member's attorney holds the recovery as a constructive trustee for the Plan, because neither the member nor the member's attorney is the rightful owner of the portion of the recovery subject to the Plan's lien" (Dkt. 1-3 at 45). Under the terms of the Plan, therefore, settlement of the underlying negligence action created an equitable lien. *See Diamond Crystal Brands, Inc. v. Wallace*, Civil Action No. 1:07-CV-3172-JTC, 2010 WL 1525536, at *7 (N.D. Ga. Feb. 11, 2010) ("Once the parties settled these [tort] claims . . . the plan language created an equitable lien for the full amount of the medical bills the Plan paid on behalf of [the participant], which Plaintiff could enforce in equity pursuant to Section 503(a)(3) of ERISA.") (citation omitted); *see also Sereboff*, 547 U.S. at 366 ("[T]he fund over which a lien is asserted need not be in existence when the contract containing the lien provision is executed").

As for possession of the funds, Publix alleges the settlement "funds are housed in a designated structured settlement account established by [Paul and Figareau]," and that "funds that have been deducted from the gross settlement either remain in the attorney Defendants' trust account or are otherwise subject to the attorney Defendants' possession and control." (Dkt. 1-1 ¶¶ 14-15). This allegation is sufficient.

II. Claims Against Attorney Defendants

Relying on *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan v. Goding*, 692 F.3d 888 (8th Cir. 2012), the Attorney Defendants contend that because they are not parties to the Plan, Publix cannot bring a § 502(a)(3) claim against them. (Dkt. 12 at 9). This contention is without merit.

The court in *Goding* found that

> like in *Knudson*, [the fiduciary] is essentially attempting to impose personal, or legal, liability on [the beneficiary's lawyer] for the benefits it conferred on [the beneficiary]. After receiving the settlement funds from [the beneficiary's] personal injury law suit, [his attorney] initially held in

> trust the $11,423.79 to which [the fiduciary] claims an interest, but he eventually disbursed the entirety of that sum to [the beneficiary]. [The attorney] thus no longer has any money to which [the fiduciary] claims an interest. Accordingly, any action . . . to recover from [the attorney] is legal, not equitable.

692 F.3d at 897. Unlike *Goding*, Publix alleges the "funds that have been deducted from the gross settlement either remain in the attorney Defendants' trust account or are otherwise subject to the attorney Defendants' possession and control." (Dkt. 1-1 ¶ 15). As discussed, a lien or constructive trust on funds in possession of the Attorney Defendants is imposed by the express terms of the Plan.

As noted by the Magistrate Judge, courts have imposed constructive trusts to enforce a plan's equitable lien by agreement on settlement proceeds held by trustees. *See, e.g.*, *Admin. Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Shank*, 500 F.3d 834 (8th Cir. 2007); *Admin. Comm. for Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Horton*, 513 F.3d 1223, 1229 (11th Cir. 2008) ("The fact that [the defendant] holds the funds as a third party does not defeat the [plaintiff's] claim" for an equitable lien or constructive trust under the plan). Indeed, "the most important consideration is not the identity of the defendant, but rather that the settlement proceeds are still intact, and thus constitute an identifiable *res* that can be restored to its rightful recipient." *Horton*, 513 F.3d at 1229; *see also, e.g.*, *Spinx Company, Inc. v. Goeddel*, No. 6:09-cv-1771-Orl-35GJK, 2009 WL 10670808, at *2 (M.D. Fla. Oct. 23, 2009); *Siemens Corp. v. Johnson*, No. 1:15-CV-694-MHC, 2016 WL 10689704 (N.D. Ga. May 19, 2016); *Delta Airlines, Inc. v. Pradd*, No. 1:13-cv-00220-SCJ, 2013 WL 12303736, at *3 (N.D. Ga. July 25, 2013).

Finally, the Plan provides that a "member's attorney who comes into possession of funds constituting a recovery . . . has an absolute obligation to immediately tender the portion of the recovery subject to the Plan's equitable lien to the Plan under the terms of this provision. As a

9

possessor of a portion of the recovery, the member's attorney holds the recovery as a constructive trustee for the Plan . . . ." (Dkt. 1-3 at 45), and Publix's claim is therefore viable

   III. Declaratory Judgment

Relying on *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir. 1987), Defendants contend that declaratory judgment is unavailable to plans and plan administrators under ERISA because declaratory judgment does not constitute equitable relief. (Dkt. 12 at 11). Publix attempts to distinguish *Arnold* and argues that "the Declaratory Judgment Act provides for relief co-extensive with the equitable relief under ERISA." (Dkt. 22 at 16).

*Arnold* addressed the question of "whether a fiduciary may invoke ERISA's liberal venue provision . . . when the fiduciary files a declaratory judgment action seeking to determine its liability for benefits claimed by a former employee who was a participant in the fiduciary-employer's ERISA-qualified employee benefit plan." 809 F.2d at 1522. Accordingly, the question of whether the declaratory judgment action sought equitable relief was relevant to determine whether the plaintiff's claim arose under ERISA, thereby triggering the venue provision. *Id.* at 1523. Indeed, the plaintiff did not seek to "enforce" the terms of the plan, but rather a declaration that it did not owe money to a beneficiary on an invalid claim. *Id.*

The unresolved question is whether a fiduciary could bring both an ERISA claim to enforce the terms of the plan through equitable relief and a declaratory judgment action under the Declaratory Judgment Act to construe the terms of that plan. While the declaratory judgment action here is unnecessary to establish personal jurisdiction or trigger ERISA's venue provision as in *Arnold*, the court nonetheless found it clear "that Congress did not intend ERISA fiduciaries to use declaratory judgment actions to determine the benefit rights of participants/beneficiaries." *Id.* at 1524.

This is precisely what Publix seeks in Count II. (Dkt. 1-1 ¶ 33 (seeking a declaration that "constru[es] the ERISA Plan and the inapplicability of the 'make whole' and 'common fund' doctrines such that Publix is entitled to first priority reimbursement of the benefits that were paid" from the settlement proceeds)). And, in any event, such a remedy is available under ERISA. Count II is therefore duplicative and unnecessary. *See Crossen v. USAA Cas. Ins. Co.*, No. 9:18-CV-81453, 2019 WL 1258739, at *2 (S.D. Fla. Mar. 19, 2019) (collecting cases that dismissed duplicative and unnecessary declaratory judgment actions). Accordingly, Count II is due to be dismissed.

IV. Florida Court Supervision

Defendants argue that because the underlying settlement involves a minor, the distribution of settlement proceeds requires supervision by a Florida court. (Dkt. 12 at 11); *see* Fla. Stat. § 744.387 (requiring legal guardianship of minor or court approval for some settlements). Notwithstanding, this is an ERISA action brought by a plan's fiduciary to seek a constructive trust or equitable lien on funds, and the federal district court has exclusive jurisdiction.

Federal district courts "have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant, beneficiary, fiduciary . . . ." 29 U.S.C. § 1132(e)(1). And courts have found that ERISA preempts state law when a claim "relates to" an employee benefit plan. *See Thomas v. Admin. Comm. of Wal-Mart Stores, Inc., Assocs. Health & Welfare Plan*, 210 F. Supp. 2d 1296, 1299 (M.D. Fla. 2002) (finding preemption of request for equitable distribution and state

11

wrongful death statute "to the extent that the state law precludes operation of the Plan's reimbursement provision").[2]

Likewise, to the extent the remedy Publix seeks would implicate section 744.387 of the Florida Statutes, ERISA preempts state law. In any event, this is not a basis for dismissal, and this part of the motion is due to be denied.

V. Conflict of Interest

Defendants argue this action "creates an impermissible conflict of interest between [the Attorney Defendants], the minor child, and Publix," and that "[i]t would be unethical to for [the Attorney Defendants] to represent Publix in a contingency fee contract and protect the interest of Publix over the minor." (Dkt. 12 at 13). Defendants also raise concerns with the "chilling effect on law firms to take these cases on a contingency fee basis" and that "Publix mandating that the underlying law firm represent them for free . . . violates the 13th Amendment." (Id.).

As Publix correctly points out, the Attorney Defendants do not represent Publix's interest. (Dkt. 22 at 18). And, as discussed, the funds held in trust by the Attorney Defendants are, as alleged, subject to a lien by agreement under the Plan. Their possession of the funds does not create a conflict of interest. Defendants cite no authority finding a conflict of interest on these facts, much less one that mandates dismissal of a fiduciary's claims, or a violation of the Thirteenth Amendment. The cases cited above make clear that this action is properly brought against the Attorney Defendants, and this is not a basis for dismissal.

---

[2] By contrast, the case Defendants rely on involved a removed state court petition for authority to settle a minor's claim and create a trust. *See O.D. v. Ashley Healthcare Plan*, No. 3:11CV146-SA-SAA, 2013 WL 5430458, at *1, 5 (N.D. Miss. Sept. 27, 2013). The court found no federal jurisdiction "as the Petition does not affirmatively allege a federal claim." *Id.* at *5. Here, the allegations establish that the settlement and trust have been completed, and Publix raises a federal claim under ERISA.

VI. Adequacy of Attached Exhibits

Finally, Defendants argue that dismissal is appropriate because Publix attached to its Complaint a summary of the Plan rather than the entire text, and did not include evidence that Publix paid for any medical services. (Dkt. 12 at 14). As explained, however, the "Summary Plan Description and [Member Handbook] are the legal documents governing all benefits under the Plan." (Dkt. 1-2 at 70). And Publix alleges that it paid for L.P.'s medical services. (Dkt. 1-1 ¶¶ 11, 13). This is sufficient to state a claim. And Defendants cite no authority in support of their contention. This part of the motion is therefore due to be denied.

## CONCLUSION

Accordingly, Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**. (Dkt. 12). Count II of Publix's Complaint is **DISMISSED with prejudice**. Defendants shall answer the Complaint within twenty (20) days of this Order.

**DONE AND ORDERED** this 25th day of November, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record