UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUBLIX SUPER MARKETS, INC.,

    Plaintiff,

v.                                                        Case No: 8:19-cv-545-T-27AEP

PATRICIA FIGAREAU, individually and
on behalf of L.P., a minor, FRANTZ
PAUL, individually and on behalf of L.P., a
minor, MARIA D. TEJEDOR, DIEZ-
ARGUELLES & TEJEDOR, P.A.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff Publix Super Markets, Inc.'s Motion to Strike Certain Affirmative Defenses (Dkt. 63), Defendants' Response (Dkt. 68), Defendants' Motion to Temporarily Remand to State Probate Court for Forty-Five Days for the Limited Purpose of Effectuating the Minor's Settlement (Dkt. 66), and Publix' Response (Dkt. 70). Upon consideration, Publix' motion is **GRANTED in part** and **DENIED in part** (Dkt. 63). Defendants' motion is **DENIED** (Dkt. 66). Publix' request for sanctions is **DENIED**.

## BACKGROUND

This action was filed under the Employee Retirement Income Security Act (ERISA) to obtain reimbursement of health benefits paid by an employer. As alleged, Publix is the sponsor and administrator of an ERISA plan that paid benefits relating to an injury sustained by Figareau and Paul's minor child, L.P. (Dkt. 1-1 ¶ 2, 7-9, 13). Settlement funds from the settlement of a related medical negligence action remain in the possession and control of the parents or their

1

attorneys. (Id. ¶¶ 9-10, 14-15).

In this action, Publix seeks to impose a constructive trust or equitable lien by agreement on the settlement funds as reimbursement of the plan's payment. (Id. ¶ 14). In Count I, Publix alleges that Defendants' refusal to provide reimbursement of the amount paid violates the plan and entitles Publix to equitable relief under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) to enforce the plan's terms. (Id. ¶ 28). A preliminary injunction, which Publix sought in Count III, has since been issued. (Id. ¶ 39; Dkt. 52).[1]

Publix moves to strike three affirmative defenses raised by Defendants (Dkt. 63). Defendants move to remand to state court for allocation of L.P.'s settlement proceeds (Dkt. 66).[2] In its response, Publix moves for sanctions. (Dkt. 70 at 8).

*Motion to Strike*

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).[3]

---

[1] The order issuing the preliminary injunction provided that

> Defendants are directed to cancel the state court hearing scheduled for July 2, 2019 and are enjoined from seeking allocation of the settlement proceeds or reduction of the Plan's collateral source lien in state court, or otherwise interfering with the Plan's full and first priority right of reimbursement. Further, Defendants and all those acting in concert with them are enjoined from disbursing, disposing of, or otherwise dissipating the settlement proceeds held or controlled by them, pending further order of this court.

(Dkt. 52 at 7). And Count II, which sought declaratory judgment, was previously dismissed. (Dkt. 56).

[2] Because Defendants argue that the motion to remand provides necessary context to evaluate their affirmative defenses, the motions will be resolved in the same order. (Dkt. 68 at 2-3).

[3] Decisions of the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh

Nonetheless, district courts have broad discretion in determining whether to grant a motion to strike. *See Slone v. Judd*, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009).

Affirmative defenses should be striken "if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *Equal Emp't Opportunity Comm'n v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (citation omitted). For example, an affirmative defense is insufficient if it is patently frivolous or clearly invalid as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Generally, a successful affirmative defense "requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). However, a defense that merely points out a defect in a plaintiff's *prima facie* case is not a proper affirmative defense. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).[4]

Publix argues that Defendants' first, fourth, and seventh affirmative defenses are insufficient as a matter of law and have been previously rejected by the Court. (Dkt. 63 at 8-11). Defendants respond that the affirmative defenses are clearly articulated, sufficient, present questions of relevant law and fact, and identify the claim to which each defense applies. (Dkt. 68 at 2, 5). They contend that their motion to remand provides notice to Publix as to how the

---

Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[4] Rule 8(c) of the Federal Rules of Civil Procedure requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Rule 8(b) further requires a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) (citing *Blonder-Tongue Labs., Inc. v. University of Ill. Found.*, 402 U.S. 313, 350 (1971)).

affirmative defenses relate to the controversy. (Id.). Upon consideration, because the first and fourth affirmative defenses are insufficient, they are due to be stricken. The seventh affirmative defense is sufficient as a matter of law and will not be stricken.

I. Defendants' First Affirmative Defense:

> Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver or estoppel. Publix's claim for reimbursement has been asserted and litigated in Orange County Probate Court, by Publix's agent (Blue Cross Blue Shield of Florida) who has asserted an *identical* lien for the same medical expenses provided on behalf of L.P., totaling the same amount ($88,846.39).

(Dkt. 62 at 4).

In arguing that the defense is insufficient, Publix points out that it sought to prevent litigation of this issue in state court, which lacks jurisdiction over its ERISA claim. (Dkt. 63 at 8). Publix also contends the defense "cannot be squared with this Court's prior instruction 'to cancel the state court hearing' which sought a reduction of the Plan's collateral source lien in state court," and that Defendants' argument about simultaneous litigation was rejected when it was raised in response to its motion for a preliminary injunction. (Id.).

Defendants acknowledge "that this court has previously ruled that Florida state law regarding minor's settlement allocations is not a basis for dismissal under Rule 12(b)(6), as such Defendants have properly plead[ed] it as an affirmative defense and have fully briefed in greater detail this assertion in [their] Motion to Remand." (Dkt. 68 at 3). Defendants do not explain, however, how Blue Cross' purported assertion of an identical lien in state court supports their defense of waiver or estoppel, or how this defense is appropriate in the context of this ERISA action. As the Eleventh Circuit explains,

4

> waiver is the voluntary, intentional relinquishment of a known right. Waiver requires (1) the existence, at the time of the waiver, of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage, or benefit. Where a party alleges an implied waiver, the acts, conduct, or circumstances relied upon to show waiver must make out a clear case.

*Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1279 (11th Cir. 2014) (internal citations, quotation marks, and brackets omitted). The Eleventh Circuit further notes the difference between waiver and the "related, but distinct, legal principle[]" of estoppel, which "requires detrimental reliance and 'exists when the conduct of one party has induced the other party to take a position that would result in harm if the first party's acts were repudiated.'" *Id.* at 1279 n.6; *see also Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 647-49 (7th Cir. 1993) (explaining waiver and estoppel in the ERISA context).[5]

Defendants cite no authority recognizing waiver or estoppel as an affirmative defense in an ERISA action based on an agent's claim of an identical lien in another proceeding. Nor do Defendants point to the relinquishment of any right or Defendants' detrimental reliance on an inducement by Publix. As pleaded, therefore, the first affirmative defense does not provide Publix with adequate notice and is due to be stricken without prejudice. *See AT&T Sickness & Acc.*

---

[5] The Eleventh Circuit has crafted, for example, "a very narrow common law doctrine under ERISA for equitable estoppel" where "(1) the provisions of the plan at issue are ambiguous, and (2) representations are made which constitute an oral interpretation of the ambiguity." *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1090 (11th Cir. 1999). But *Katz* involved equitable estoppel as a theory of recovery, not an affirmative defense. *Id.*; *see also Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1286 (11th Cir. 1990).

To the extent Defendants seek to raise collateral estoppel as an affirmative defense, it is not sufficiently clearly pled. *See, e.g., Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 577 (M.D. Fla. 1995); *see also Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 338 n.18 (N.D.N.Y. 2003) (limiting analysis of affirmative defense that does not specify types of estoppel pled).

*Disability Ben. Plan v. Bricker*, 151 F.R.D. 433, 436 (M.D. Fla. 1993) (striking affirmative defense of the "federal common law doctrine of equitable estoppel" that was "insufficiently pled as a matter of law").

II. Defendants' Fourth Affirmative Defense

As their fourth affirmative defense, Defendants assert "[t]his matter is governed, in whole or in part, by Florida Statute section 744.387," and that the "lien in this case relates to the minor settlement pursuant to this statute." (Dkt. 62 at 4-5).[6] Publix contends this defense is insufficient as a matter of law, since ERISA preempts any state law claim that "relates to" an ERISA plan. (Dkt. 63 at 9 (citing 29 U.S.C. § 1144(a)). Publix reasons that the Florida probate statute "relates to" the ERISA plan "insofar as Defendants insist on trying to invoke state law to reduce Plaintiff's ERISA lien interest." (Id.).

Defendants respond that rather than invoke state law to reduce Publix's ERISA lien interest, they "assert[] that the state court has the authority to effectuate the final settlement allocation of the minor, L.P., and once a determination is made by the state court this court may

---

[6] Defendants' answer includes the text of section 744.387. In relevant part,

> (1) When a settlement of any claim by or against the guardian . . . is proposed, but before an action to enforce it is begun, on petition by the guardian of the property stating the facts of the claim, question, or dispute and the proposed settlement, and on any evidence that is introduced, the court may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the ward. . . .
>
> (2) In the same manner as provided in subsection (1) or as authorized by s. 744.301, the natural guardians or guardian of a minor may settle any claim by or on behalf of a minor that does not exceed $15,000 without bond. A legal guardianship shall be required when the amount of the net settlement to the ward exceeds $15,000.
>
> (3)(a) No settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action. . . .

Fla. Stat. § 744.387.

then move forward on the ERISA matters." (Dkt. 68 at 4). Defendants further contend that "Florida's Constitution gives full jurisdiction of the minor's business to the Circuit Courts of the state," and that "any compromise of the minor's claim is an area exclusively regulated by Florida." (Id.). And they refute Publix' contention that the state court proceedings are complete, observing that "settlement allocation has yet to be determined by the state court." (Id.). In Defendants' view, "the operative issue here is whether this Court accepts the allocation determination of the state court, not whether the Plan is entitled to reimbursement." (Id.).

Defendants' contentions are unpersuasive. The federal district court has exclusive jurisdiction over Publix' ERISA claims seeking a constructive trust or equitable lien by agreement on the settlement funds as reimbursement for the plan's payment. (Dkt. 1-1 ¶¶ 14-15). As Publix correctly points out, in adopting the Magistrate Judge's Report and Recommendation to issue a preliminary injunction, this Court has already determined that

> ERISA grants exclusive jurisdiction over Plaintiff's cause of action, which is collateral to the state court settlement. . . . [I]njunctive relief is appropriate because Defendants' efforts in the Probate action to reduce the ERISA lien violate the terms of the Plan, threaten Plaintiff's right to equitable relief, and intrude into this court's exclusive jurisdiction under 29 U.S.C. § 1132(e)(1).

(Dkt. 52 at 6); *see also* (Dkt. 56 at 11-12). And the statute provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought . . . by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title." 29 U.S.C. § 1132(e)(1); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 19-20 (1983) (noting that, when rights and duties under

ERISA are at issue, § 502(a)(3) actions for injunctive relief are "exclusively governed by federal law").

This language confirms, contrary to Defendants' contention, that a state statute requiring court supervision of a settlement involving a minor does not "govern, in whole or in part" this ERISA action. *See, e.g., AT&T Sickness & Acc. Disability Ben. Plan*, 151 F.R.D. at 436 ("[A] defense of estoppel based on the law of Florida appears impertinent to Plaintiffs' Complaint to the extent it states claims under ERISA."). Moreover, to the extent the statutes conflict, the state law is preempted. *See Thomas v. Admin. Comm. of Wal-Mart Stores, Inc., Assocs. Health & Welfare Plan*, 210 F. Supp. 2d 1296, 1299 (M.D. Fla. 2002) (finding preemption of request for equitable distribution and state wrongful death statute "to the extent that the state law precludes operation of the Plan's reimbursement provision"). Accordingly, because Florida Statute § 744.387 does not provide a defense to Publix' claim, Defendants' fourth affirmative defense is due to be stricken.[7]

III. <u>Defendants' Seventh Affirmative Defense</u>

As their seventh affirmative defense, Defendants assert "[t]he requested relief is not

---

[7] Defendants again rely on an out-of-circuit district court case, *O.D. v. Ashley Healthcare Plan*, No. 3:11CV146-SA-SAA, 2013 WL 5430458 (N.D. Miss. Sept. 27, 2013), to support their contention. As noted in the Court's order denying their motion to dismiss, that case involved a removed state court petition for authority to settle a minor's claim and create a trust, and the court found no federal jurisdiction "as the Petition does not affirmatively allege a federal claim." *Id.* at *1, 5. Defendants also rely on several cases for the proposition that "[i]n ERISA reimbursements, courts have held that federal courts have no jurisdiction to interfere in state probate court's exercise of their jurisdiction to hear and determine the compromises of minors' claims." (Dkt. 66 at 3). However, those cases are distinguishable.

In *Clardy v. ATS, Inc. Employee Welfare Benefit Plan*, 921 F. Supp. 394 (N.D. Miss. 1996), for example, the issue was limited to whether ERISA preempted a state law requiring a chancellor's approval to validly assign a minor's rights to insurance proceeds. 921 F. Supp. at 397, 401. The court did not analyze a claim for equitable relief under § 502(a)(3). And in *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 2002 (5th Cir. 2002), the fact that settlement proceeds were in the registry of a state chancery court was relevant because the defendants were therefore "not in possession of the disputed funds," and accordingly, § 502(a)(3) did not authorize the suit. 292 F.3d at 445.

equitable and is not available under [ERISA]." (Dkt. 62 at 5). Publix contends this "position has been squarely and soundly rejected in earlier proceedings in this case." (Dkt. 63 at 11). Specifically, Publix contends that, in considering the likelihood of its success on the merits of its claims and in denying Defendants' motion to dismiss, the Court found that the ERISA plan created an equitable lien by agreement and the claims were therefore equitable and actionable under ERISA. (Id.).

Significant to that finding, however, was the sufficiency of the allegations establishing that the settlement fund was identifiable and within the possession and control of Defendants. *See, e.g.*, (Dkt. 56 at 6-8). Publix must nonetheless present evidence to support its allegations and demonstrate its entitlement to equitable relief under ERISA. *See, e.g., In re Fremont Gen. Corp. Litig.*, No. 2:07-cv-02693-JHN-FFMx, 2010 WL 11506879, at *6 (C.D. Cal. Feb. 25, 2010) (allowing affirmative defense that relief sought was not equitable). Moreover, the Court's prior analysis of the Summary Plan Description and Member Handbook was in the context of a motion to dismiss and motion for preliminary injunction, not a motion to strike an affirmative defense. Finally, courts have denied ERISA claims on the basis that the relief sought was not equitable. *See, e.g., Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002) (affirming summary judgment).

Accordingly, the seventh affirmative defense is sufficient as a matter of law, and will not be striken.

***Motion to Remand***

Defendants move to remand for the limited purpose of "effectuating" L.P.'s settlement in the related negligence action. (Dkt. 66 at 2-3). Defendants explain that the allocation has not been completed because the probate court has not ruled on a pending motion to allocate settlement

recovery. (Id. at 4). While acknowledging that the Court previously found that Florida law regarding the minor's settlement was not a basis for dismissal, they seek a remand "to properly finalize the minor's settlement allocation, so that this court can move forward on the ERISA matters at issue." (Id. at 2). They do not, however, adequately explain why Publix' ERISA claims cannot move forward prior to the state court's finalization of L.P.'s settlement allocation. Moreover, Defendants have been enjoined from "seeking allocation of the settlement proceeds or reduction of the Plan's collateral source lien in state court."[8] (Dkt. 52 at 7). They fail to offer any new information or authority supporting their contention. Accordingly, remand is unwarranted, and the motion is due to be denied.[9]

*Publix' Request for Sanctions*

In its response to Defendants' motion to remand, Publix seeks the imposition of sanctions against Defendants under the Court's inherent power, contending they "have caused pointless re-litigation in defiance of this Court's prior rulings." (Dkt. 70 at 13). Publix' request fails for several reasons.

First, the request was made in response to Defendants' motion, not by separate motion, and does not comply with the Local Rules. *See Whitehurst v. Wal-Mart Stores, E., L.P.*, No.

---

[8] According to the Magistrate Judge's Report and Recommendation recommending that the Court direct Defendants to cancel the probate court hearing, Defendants "insist[ed] on going forward with the . . . hearing in the Probate Action for the stated purpose of reducing Publix's $88,846.39 ERISA lien interest to $5,915.00." (Dkt. 48 at 10). Additionally, because remand is inappropriate for independent reasons, it is unnecessary to evaluate Publix' assertion that Defendants have already obtained approval of L.P.'s settlement. (Dkt. 70 at 4; Dkt. 70-1).

[9] Alternatively, Publix contends that remand is unavailable because the complaint was initially filed in federal court, not state court. (Dkt. 70 at 2). In cases from this Circuit relied on by Publix, however, the issue was whether remand was appropriate in light of a court's decision not to exercise supplemental jurisdiction over state law claims. *See Ingram v. Sch. Bd. of Miami-Dade Cty.*, 167 F. App'x 107, 109 (11th Cir. 2006); *see also Arguelles Holdings, LLC v. City of Umatilla*, No. 5:09-cv-383-Oc-10DAB, 2011 WL 13319352, at *1, n.1 (M.D. Fla. Feb. 7, 2011). In any event, remand is inappropriate for the reasons discussed.

3:06CV191J-32MCR, 2006 WL 752837, at *1-2 (M.D. Fla. Mar. 23, 2006). Second, the purported basis for sanctions could plausibly be brought under Rule 11(b), Fed.R.Civ.P. and generally, "if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010). Third, there is an insufficient showing of bad faith to "unlock[] [the] court's inherent power" to sanction. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Defendants' contentions and argument with which Publix finds fault were presented earlier in a different context, including a motion to dismiss or in opposition to a preliminary injunction. It is plausible that the arguments could have succeeded in a motion to remand, and accordingly, there is no clear indication that Defendants "knowingly or recklessly raise[d] a frivolous argument . . . for the purpose of harassing an opponent," "delay[ed] or disrupt[ed] the litigation[,] or hamper[ed] enforcement of a court order." *See id.* Sanctions are therefore unwarranted, and the request is denied.

## CONCLUSION

Accordingly, Publix' Motion to Strike Certain Affirmative Defenses is **GRANTED in part** and **DENIED in part**. (Dkt. 63). Defendants' first affirmative defense is stricken without prejudice. Their fourth affirmative defense is stricken with prejudice. If Defendants amend their answer, the amended answer must be filed within 14 days. Defendants' motion to remand (Dkt. 66) and Publix' request for sanctions are **DENIED**.

**DONE AND ORDERED** this 17th day of March, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record