UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PUBLIX SUPER MARKETS, INC.,**

    **Plaintiff,**

v.                                                           **Case No: 8:19-cv-545-T-27AEP**

**PATRICIA FIGAREAU, individually and
on behalf of L.P., a minor, FRANTZ
PAUL, individually and on behalf of L.P., a
minor, MARIA D. TEJEDOR, DIEZ-
ARGUELLES & TEJEDOR, P.A.,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff Publix Super Markets, Inc.'s Motion for Sanctions for Failure to Appear at Mediation (Dkt. 67) and Defendants' response (Dkt. 73). Upon consideration, the motion is **DENIED**.

## BACKGROUND

The Case Management and Scheduling Order required the parties to "participate in mediation." (Dkt. 42 at 2). The parties agreed to mediate at the Attorney Defendants' law office in Orlando on February 20, 2020. (Dkt. 55). Defendants Figareau and Paul did not appear at the mediation. (Dkt. 67-1 at 2; Dkt. 72). The mediator's report reflects that "[t]he remaining parties attended and participated in the mediation conference."[1] (Dkt. 72).

In an affidavit attached to Defendants' response, Attorney Diez-Arguelles avers that he

---

[1] The mediator's report appears to contradict Publix' contention that Defendant Tejedor "did not participate" in the mediation. See (Dkt. 67 at 3 n.1; Dkt. 67-1; Dkt. 72). Any such dispute, however, is immaterial to the resolution of the motion.

1

"had instructed [his] staff to take every measure to ensure [Figareau and Paul were] aware of the mediation." (Dkt. 73-1 ¶ 3). A staff member avers that she confirmed their attendance as late as January 31, 2020. (Dkt. 73-2 ¶ 6; Dkt. 73-3 ¶ 3). Subsequent attempts to contact Figareau and Paul, including by telephone, visits to their residence, and correspondence via email, U.S. mail, and hand delivery, were unsuccessful. (Dkt. 73-2).

Diez-Arguelles avers that on the morning of mediation, he notified Publix and the mediator that Figareau and Paul were not joining, and that he "had full settlement authority and was willing to move forward with the mediation without [Figareau and Paul] if they were." (Dkt. 73-1 ¶ 4). He avers that "[n]either the Mediator nor the Plaintiff objected and the mediation moved forward with proposals to settle." (Id).

On March 6, 2020, Figareau and Paul contacted Diez-Arguelles and informed him that they had changed their phone numbers and been preoccupied with the care of a sick relative. (Dkt. 73-1 ¶ 7). Figareau avers that in early February she and Paul "temporarily moved in with [her] Father-in-law to help care for him while he was in poor health" and that she was "therefore not checking [her] email" and "had forgotten about the scheduled mediation." (Dkt. 73-3 ¶¶ 5-7).

Publix seeks sanctions and a finding that "all absent Defendants [are] jointly responsible to pay (i) the entire cost of mediation, (ii) the costs of Plaintiff's counsel attending the Orlando mediation, and (iii) the costs of preparing this motion." (Dkt. 67 at 5).

## DISCUSSION

Sanctions may be imposed for failure to appear at mediation, violations of Local Rules, and violation of a court order. *See Pinero v. Corp. Courts at Miami Lakes, Inc.*, 389 F. App'x. 886, 888 (11th Cir. 2010) (failure to appear at settlement conference); *Castle v. Appalachian Tech. Coll.*, 430 F. App'x. 840, 842 (11th Cir. 2011) (failure to comply with local rules); *Moon v.*

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (disregarding court orders). And as Local Rule 9.05(c) provides,

> [u]nless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.[2]

It is undisputed that Figareau and Paul did not attend the mediation as they were ordered to. *See Broad. Music, Inc. v. Bisla & Bisla, LLC*, No. 8:11-cv-02273-T-27MAP, 2013 WL 12156460, at *2-3 (M.D. Fla. Feb. 4, 2013) (finding that failure to appear at mediation was violation of court order and local rules). In response, Defendants observe that the mediation occurred without objection by Publix or the mediator. (Dkt. 73 at 5). They contend that the imposition of sanctions is not mandatory and that "circumstances would make this requested sanction unjust," specifically that the reason for Figareau and Paul's non-attendance was the care of a sick relative. (Id.).

While sanctions have been imposed for a party's failure to appear at mediation, *see, e.g., Redish v. Blair*, 5:14-cv-260-Oc, 2015 WL 5190585 (M.D. Fla. Sept. 4, 2015), some courts have not imposed sanctions where counsel for the absent party attended the mediation with full settlement authority, without objection. *see, e.g., Cent. Transp. Intern., Inc. v. Glob. Advantage Distrib., Inc.*, 2:06-cv-401-FtM-29SPC, 2007 WL 3124722 (M.D. Fla. Oct. 24, 2007); *cf. Ceus v.*

---

[2] Additionally, Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii-vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Under Rule 16(f)(2), "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

*City of Tampa*, No. 18-10484, 2020 WL 525559, at *12 (11th Cir. Feb. 3, 2020) (declining to impose sanctions for failure to appear at mediation since, although plaintiff and his counsel "did violate this Court's rules, there is no evidence of bad faith").

At this stage, sanctions are not warranted, since Figareau and Paul's counsel participated in the mediation with full settlement authority and without objection. And it appears that settlement offers were made. *See* (Dkt. 73 at 4). Publix has not refuted Defendants' contentions that counsel used reasonable methods to attempt to contact Figareau and Paul. (Dkts. 73-1, 73-2, 73-3).

Surprisingly, it is apparent that Figareau and Paul have failed to maintain communications with their attorneys during this litigation. While caring for a sick relative plausibly constitutes a reason to postpone the mediation or an accommodation to participate remotely, Defendants are cautioned that future non-compliance with court orders will likely result in sanctions.

**DONE AND ORDERED** this 11th day of May, 2020.

*[signature]*
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record