## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PUBLIX SUPER MARKETS, INC.,**

       **Plaintiff,**

**v.**                                                             **Case No: 8:19-cv-545-T-27AEP**

**PATRICIA FIGAREAU, individually and on behalf of L.P., a minor, FRANTZ PAUL, individually and on behalf of L.P., a minor, MARIA D. TEJEDOR, DIEZ-ARGUELLES & TEJEDOR, P.A.,**

       **Defendants.**

_____/

## <u>ORDER</u>

**BEFORE THE COURT** are Plaintiff Publix Super Markets, Inc.'s Motion to Exclude Testimony and Opinions of Norberto S. Katz, Esquire (Dkt. 89), and Defendants' Response (Dkt. 90). Upon consideration, the motion is **GRANTED**.

## BACKGROUND

As alleged, Publix is the sponsor and administrator of an ERISA plan that paid benefits relating to an injury sustained by Figareau and Paul's minor child. (Dkt. 1-1 ¶ 2, 7-9, 13). Settlement funds from the settlement of a related medical negligence action remain in the possession and control of the parents or their attorneys. (Id. ¶¶ 9-10, 14-15). In Count I, Publix alleges that Defendants' refusal to provide reimbursement of the amount paid violates the plan and entitles Publix to equitable relief to enforce the plan's terms under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). (Id. ¶ 28). Defendants have identified as an expert witness Norberto Katz, whose opinions relate to the allocation of funds from settlements made on behalf of minors under Florida

1

law.[1] Publix moves to prohibit Defendants "from admitting into evidence the testimony or opinions of Mr. Katz in support of any motion or at trial." (Dkt. 89 at 1).

## STANDARD

Before expert testimony can be admitted under Rule 702, Fed. R. Evid., the proffered testimony must be screened to ensure it is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Expert testimony is admitted when (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable;[2] and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). In determining whether the proffered testimony is reliable, the circumstances of the case are considered. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999). The party seeking to admit expert testimony must establish its admissibility by a preponderance of the evidence. *Allison*

---

[1] In his affidavit, Katz cites various authorities of Florida law and avers that

> When a settlement is made on behalf of a minor-plaintiff, a Florida attorney has a legal and ethical duty to comply with the Florida Constitution and Florida Statutes on the allocation of that minor's settlement.
> . . .
> Because an attorney, parent, or lienholder cannot contract out a minor's rights, it is my opinion that, where a settlement was entered into on a minor-plaintiff's behalf, Florida law requires that the attorney for that minor-plaintiff has a legal and ethical duty to protect that minor's rights by having the Florida probate courts oversee and approve the allocation of any settlement made on the minor's behalf.

(Dkt. 89-1 at 2-3).

[2] A preliminary assessment must be made of "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592. In making this assessment, courts may consider (1) whether a theory or technique can be or has been tested, (2) whether the theory or technique has been subjected to peer review and publication, and (3) the general acceptance in the scientific community. *Id.* at 593-95.

*v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). Further, an expert cannot "merely tell the jury what result to reach" or testify to the "legal implications of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citations omitted). And an expert is not permitted to offer legal conclusions. *Id.*

## DISCUSSION

Because Katz' opinions are irrelevant to Publix' claim and will not assist the trier of fact to understand the evidence or to determine a fact in issue, the purported testimony is excluded as evidence from any motion or at trial. Indeed, this Court has concluded that it has exclusive jurisdiction over Publix' ERISA claim and that, at least as advanced by Defendants, Florida law is irrelevant to the merits of the claim. *See, e.g.*, (Dkt. 52 at 6-7; Dkt. 56 at 11-12). Defendants' affirmative defense that certain Florida statutes govern the action was further stricken. (Dkt. 74 at 6-8, 11).

Defendants respond that Katz' opinions are nonetheless "relevant to helping the trier of fact on the issue of whether the Defendant had an ethical duty to protect L.P.'s interests." (Dkt. 90 at 5). They explain,

> Simply because the Plaintiff has asserted a lien amount does not equivocally prove that asserted lien amount or erase the Defendant's ethical obligations to its minor client.
> …
> Thus the following questions, "Did the attorney Defendant have a legitimate, rational ethical duty based on the facts and circumstances of this case to assert in good faith that the Defendant should protect the minor and her parent's interest in the allocation of the settlement in the underlying medical malpractice case? Did the attorney Defendant, based on the facts and circumstances of this case have a duty to assert in good faith that the Defendant's ethical obligations are not governed by a Publix contract?

(Dkt. 90 at 5-6). However, Defendants do not connect these assertions to the merits of Publix' claim, a valid affirmative defense, or any fact in issue. Defendants further fail to explain how these

issues are relevant to the terms of the ERISA plan. Rather, while a purported ethical duty and good faith may plausibly relate to the issue of Defendants' alleged refusal to reimburse the ERISA plan and a determination of attorney's fees, *see Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993) (noting that degree of "culpability or bad faith" is a factor in determining attorney's fees in ERISA action), they are not relevant to the merits of the claim, and Katz' opinions will not assist the trier of fact.[3]  Accordingly, Katz' opinions will not be included as evidence in any motion or presented at trial.

## CONCLUSION

Publix' Motion to Exclude Testimony and Opinions of Norberto S. Katz, Esquire (Dkt. 89) is **GRANTED** to the extent that Katz' opinions will not be included as evidence in any motion or presented at trial.

**DONE AND ORDERED** this 13th day of July, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[3] Moreover, courts have found that an attorney's opinion of the applicable law in a case is not admissible, since "questions of law . . . are within the Court's purview." *See United States v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11531790, at *5 (S.D. Fla. May 27, 2014); *see also Dahlgren v. Muldrow*, No. 1:06-cv-65-MP-AK, 2008 WL 186641, at *5 (N.D. Fla. Jan. 18, 2008) ("[W]itnesses generally are prohibited from testifying as to questions of law regarding the interpretation of a statute, the meaning of terms in a statute, or the legality of conduct. The determination of which law applies and what the law means is for the Court to decide."); *Montgomery*, 898 F 2d at 1541 (noting that an expert witness "may not testify to the legal implications of conduct").