UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PUBLIX SUPER MARKETS, INC.,**

    Plaintiff,

v.                          Case No: 8:19-cv-545-T-27AEP

**PATRICIA FIGAREAU and FRANTZ PAUL, individually and on behalf of L.P., a minor, MARIA D. TEJEDOR, and DIEZ-ARGUELLES & TEJEDOR, P.A.,**

    Defendants.
_____/

## **ORDER**

**BEFORE THE COURT** is Defendants' Motion for Reconsideration (Dkt. 108), Notice of Filing Supplemental Authority (Dkt. 109), and Publix' Response in Opposition (Dkt. 110). Upon consideration, the motion is **DENIED**.

Defendants seek reconsideration of the order denying their motion for summary judgment and granting summary judgment in Publix' favor. *See* (Dkt. 104). Defendants contend that the order "mandate[s] that Defendants pay Publix an amount of money that exceeds what Publix or Defendants could have ever recovered in the underlying medical malpractice action on a claim for past medical expenses," and that Publix was limited to reimbursement in the amount of "reasonable" expenses related to the "injuries germane to the medical malpractice action." (Dkt. 108 at 1-3). These contentions do not warrant reconsideration.

As the Eleventh Circuit instructs,

> The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact. A motion

1

>  for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.

*Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (citations omitted); *see also Fenello v. Bank of Am., NA*, 577 F. App'x 899, 903 n.7 (11th Cir. 2014) (noting that an "intervening change in controlling law" may warrant reconsideration).

Here, as Publix correctly observes, Defendants do not present any grounds warranting reconsideration. (Dkt. 110 at 2). Rather, their contentions regarding the extent of Publix' lien were previously raised and considered. *See* (Dkt. 104). Further, they do not present newly discovered evidence or an intervening change in controlling law, and their notice of supplemental authority is immaterial to the issues raised. (Dkt. 109). Accordingly, Defendants' motion is **DENIED**. (Dkt. 108).

**DONE AND ORDERED** this 9th day of October, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record