UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUBLIX SUPER MARKETS, INC.,

        Plaintiff,

v.                                      Case No. 8:19-cv-545-JDW-AEP

PATRICIA FIGAREAU, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Publix Super Markets, Inc. ("Publix") initiated this action as Plan Sponsor and Plan Administrator of The Group Health Benefit Plan (the "Plan"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and 28 U.S.C. § 2201, against Defendants Patricia Figareau ("Figareau") and Frantz Paul ("Paul"), individually and on behalf of L.P. ("L.P."), a minor; Attorney Maria D. Tejedor ("Tejedor"); and Diez-Arguelles & Tejedor, P.A. (the "Firm") (Doc. 1).[1]  Currently before the Court are Publix's Motion for Attorney's Fees (Doc. 106) and Motion for Appellate Attorney's Fees (Doc. 129) (collectively, "Motions") made under ERISA's fee shifting provision, 29 U.S.C. § 1132(g)(1).  For the following reasons, it is recommended that Publix's Motions be denied.

---

[1] For ease of reference, unless referred to individually, Tejedor and the Firm shall be referred to collectively as the "Attorney Defendants," and all defendants shall collectively be referred to as the "Defendants."

I.      **Background**

By the Motions, Publix seeks an award of attorneys' fees against only the Attorney Defendants and not against the remaining Defendants (Doc. 106, at 1 (stating that the "Plan seeks fees against Maria D. Tejedor, Esquire, and the law firm of Diez-Arguelles & Tejedor, P.A. …, but not Defendant Patricia Figareau or Defendant Frantz Paul)); (Doc. 129, at 3 (stating that "Publix requests entry of a fee award in its favor and against the Attorney Appellants alone, Diez-Arguelles & Tejedor, P.A. and Maria D. Tejedor")).  Specifically, Publix asserts that a fee award against the Attorney Defendants is appropriate because the Attorney Defendants engaged in culpable litigation conduct throughout the matter, by constantly recycling and repackaging the same arguments about inapplicable Florida law; by refusing to recognize the preemptive power of ERISA; and by unreasonably multiplying the proceedings (Doc. 106, at 2).  To understand Publix's argument as to the Attorney Defendants' alleged culpable conduct, a review of the procedural history of the case is necessary.  A summary of events that proceeded this matter was previously outlined by the undersigned as follows:

> Figareau and Paul are the natural parents of L.P., who is a minor child.  Paul works for Publix, and he and his eligible family members, including L.P., remain enrolled in the Plan. Publix operates as Plan Sponsor and Plan Administrator for the Plan, which functions as a self-funded employee welfare benefit plan, as opposed to a plan insured through the purchase of a health insurance policy from a commercial carrier, within the meaning of ERISA.
>
> Following a brachial plexus injury sustained at L.P.'s birth, Figareau and Paul initiated a medical malpractice action, entitled *Armondo R. Payas, Guardian ad Litem for L.P., a minor,*

2

*Patricia Figareau and Frantz Paul, individually and on behalf of L.P., a minor v. Bond & Steele Clinic, P.A., d/b/a The Bond Clinic and Vincent Gatto, M.D. and Jennifer Salamon, M.D.*, Case No. 53-2011CA-006192-0000-LK, in the Tenth Judicial Circuit, in and for Polk County, Florida (the "Medical Malpractice Action"). The Attorney Defendants represented Figareau, Paul, and L.P. in the Medical Malpractice Action. Prior to the conclusion of the Medical Malpractice Action, the Plan paid $88,846.39 in medical expense benefits to or on behalf of L.P. in connection with the brachial plexus injury suffered at L.P.'s birth. Subsequently, the Attorney Defendants obtained a settlement in the Medical Malpractice Action in 2018, which resulted in a fund that exceeded the value of the Plan's $88,846.39 reimbursement interest (Doc. 47). Despite this recovery, Publix alleges that Defendants refused to reimburse Publix the medical expense payments that the Plan made for services rendered in connection with the brachial plexus injury allegedly caused by the negligence of medical providers. According to Publix, Defendants withheld certain funds from the gross settlement of the Medical Malpractice Action, which currently remain in the Attorney Defendants' trust account. Indeed, during several hearings in this matter, defense counsel represented and reiterated that the funds remain in a trust account.

Defendants voluntarily dismissed with prejudice the Medical Malpractice Action. Following dismissal, Defendants initiated another action in probate, entitled *In Re: The Qualified Settlement Funds Trust*, in the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2015-CP-333521 (the "Probate Action"). In the Probate Action, Defendants seek to reduce the Plan's lien interest. To that end, on April 12, 2019, Defendants filed an Amended Motion to Allocate Settlement Recovery and Motion to Reduce Collateral Source Lien (the "Allocation Motion") (Doc. 13, Ex. A). The Allocation Motion indicates that Defendants seek to reduce Publix's $88,846.39 ERISA lien interest to $5,915.00 (Doc. 13, Ex. A). The Allocation Motion also urges the probate court to apply state-law principles, most of which concern the Medicaid program, to a self-funded ERISA plan. At the same time they filed the Allocation Motion, Defendants scheduled an evidentiary hearing on the Allocation Motion to occur on

> May 8, 2019 (Doc. 13, Ex. A).  Notably, Defendants did not name Publix as a party in the Probate Action.
>
> Given the pending Probate Action and Publix's perceived inability to protect the Plan's interests in that proceeding, Publix initiated this action under Section 502(a)(3) of ERISA to obtain appropriate equitable relief to enforce the Plan's reimbursement provisions.  …

(Doc. 48, at 2-4) (internal footnotes and citations omitted).  Publix asserts that soon after it initiated this matter, the Defendants unilaterally scheduled an evidentiary hearing in the Probate Action to circumvent this Court's *exclusive* jurisdiction over claims arising under 29 U.S.C. § 1132(a)(3) and that, because the Attorney Defendants refused to cancel the evidentiary hearing in the Probate Action, Publix was forced to file a motion for a preliminary injunction in this matter (Doc. 106, at 3).  Publix contends that the Attorney Defendants engaged in a cascade of actions, which were demonstrative of a pattern of misconduct (Doc. 106, at 14-15).  In that regard, Publix argues that the Attorney Defendants' objective was to eliminate or reduce Publix's superior lien interest in the settlement proceeds by:

> Ignor[ing] letters sent between 2011 and 2018 on behalf of the Plan providing updated lien amounts and detailing the type of treatments rendered by the pertinent medical provider, the billed charges, and the benefit amount(s) that were paid by the Plan—notwithstanding that Ms. Tejedor never disputed any of the medical expense payments the Plan paid as being unrelated to L.P.'s right brachial plexus injury;
>
> Unilaterally schedule[ing] an evidentiary hearing in the State Probate Court – after the Plan filed this action – in an effort to sidestep this Court's exclusive jurisdiction over claims arising under 28 U.S.C. § 1132(a)(3);

Falsely claim[ing] Blue Cross and the Plan both were "litigating" the same lien issue simultaneously in two courts;

Mov[ing] to compel the Plan to produce items that were already in the Attorney Defendants' hands from the inception of this action;

Repeatedly argu[ing] the underlying settlement must be supervised by a Florida Probate Judge, notwithstanding that this Court rejected this argument in its Order granting the Plan preliminary injunctive relief, its Order denying Defendants' Motion to Dismiss, and its Order striking the affirmative defense about the probate court's purported jurisdiction "with" prejudice;

Fail[ing] to provide notice to the Plan that Defendants Paul and Figareau were unlikely to appear for mediation after the Attorney Defendants had been unable to contact or speak with them;

Breach[ing] the mediation privilege and violat[ing] Local Rules by disclosing confidential mediation communications in Defendants' publicly filed opposition to the Plan's Motion for Sanctions;

Mov[ing] to "remand" this lawsuit despite the fact that it did not originate in state court and despite the existence of an Injunction that already prohibited the State Probate Court from entertaining the Attorney Defendants' request to reduce or eliminate Plaintiff's federally-governed lien interest;

Disclos[ing] an attorney expert report that opined on the repeatedly rejected theory that only the State Probate Court had jurisdiction over these claims because they involved a minor's settlement.

(Doc. 106, at 14-15).  Last, Publix contends that the Attorney Defendants' baseless and meritless positions in this matter were confirmed by the district judge's order finding the Defendants' arguments without merit and granting summary judgment in

favor of Publix (Doc. 104), and by the Eleventh Circuit's opinion affirming said order (Doc. 127).  Publix now seeks an award of attorneys' fees under ERISA solely against the Attorney Defendants based upon their alleged culpable conduct.

## II.    Discussion

Section 1132(g)(1) provides that, "[i]n any action under this subchapter … by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).   Under ERISA, courts maintain discretion to award reasonable attorney's fees and costs to either party as long as the fee claimant achieves some degree of success on the merits of its claims.  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244-45, 255 (2010) (citations omitted).   Significantly, however, the Eleventh Circuit recently examined and resolved, as an issue of first impression, whether Section 1132(g)(1), ERISA's fee-shifting provision, permits a court to award fees against a party's attorney.  *Peer v. Liberty Life Assurance Co. of Boston*, 992 F.3d 1258, 1260 (11th Cir. 2021).  In short, the Eleventh Circuit expressly held that Section 1132(g)(1) does not allow a court to impose a fee award against a party's lawyer.  *Id.* at 1265 (stating that "[o]ur precedent, common sense, and principles of statutory interpretation establish that the statute allows a fee award against parties, not their counsel).  Notably, the Eleventh Circuit highlighted the fact that ERISA is not "primarily about punishing misconduct" and no benefit is derived to employees in creating a special sanctions regime for ERISA lawyers.  *Id.* at 1264.

Here, Publix's requests for attorneys' fees against the Attorney Defendants falls expressly within the confines of Section 1132(g)(1).  The essence of Publix's request for fees against the Attorney Defendants is that the Attorney Defendants committed misconduct in this case, and, accordingly, the Court should impose fees against the Attorney Defendants as a type of sanction.  Such a request is clearly contrary to the Eleventh Circuit's recent decision in *Peer* and, thus, is unwarranted.

### III.  Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1.      Publix's Motion for Attorney's Fees (Doc. 106) be DENIED.

2.      Publix's Motion for Appellate Attorney's Fees (Doc. 129) be DENIED.

IT IS SO REPORTED in Tampa, Florida, this 11th day of August 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:     Hon. James D. Whittemore
        Counsel of Record