## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PUBLIX SUPER MARKETS, INC.,**

     **Plaintiff,**

**v.**                                                                    **Case No: 8:19-cv-545-JDW-AEP**

**PATRICIA FIGAREAU, FRANTZ**
**PAUL, MARIA D. TEJEDOR and DIEZ-**
**ARGUELLES & TEJEDOR, P.A.,**

     **Defendants.**

_____/

# ORDER

Publix objects to the Magistrate Judge's Report and Recommendation recommending that its Motion(s) for Attorney's Fees be denied (Dkts. 136, 138). After a *de novo* review, I find that Publix' objections should be overruled and the Report and Recommendation accepted.[1] Accordingly, Publix' Motion(s) for Attorney's Fees (Dkts. 106, 129) are DENIED.

Publix, as Plan fiduciary, brought this action against Plan participants Figareau and Paul and their attorneys, Tejedor and Diez-Arguelles & Tejedor, P.A. seeking equitable relief under ERISA, including imposition of an equitable lien on settlement proceeds held by the attorneys in trust on behalf of their clients (Dkt. 1, ¶ 15). After extensive litigation, summary judgment in favor of Publix was granted, imposing an equitable lien by agreement on the settlement proceeds based on the Plan's reimbursement provision (Dkt. 104). Judgment in favor of Publix was affirmed. *Publix Super Markets, Inc.* v. *Figareau, et al*, 2021 WL 2065434, May 24, 2021, ___ Fed. Appx. ___ (11th Cir. 2021).

---

[1] A district court may accept, reject, or modify, in whole or in part, a magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection has been made . . ." *Id.*

Having successfully established an equitable lien by agreement on the proceeds held in trust by Tejedor and her firm, Publix sought fees against the attorneys, not the Plan participants, under 28 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.").

The Magistrate Judge recommends that Publix' motions for fees be denied, relying on *Peer v. Liberty Life Assurance Co. of Boston*, 992 F.3d 1258, 1260 (11thCir. 2021). Publix objects, contending that the "Magistrate Judge ignored the factors that must be weighed in evaluating the fee petition of a prevailing ERISA claimant against ERISA parties who fiercely litigated but ultimately failed in their attempt to circumvent the reimbursement obligation" and "compounded his legal error by inappropriately analogizing the request for fees as a request for sanctions." (Dlkt. 137)[2]. Publix points out that it never asked for sanctions and "asked only to recover fees under an ERISA statutory standard that permits fees in favor of a party who achieves 'some success on the merits.'" Finally, Publix contends that *Peer* is "inapposite."

The Magistrate Judge did not err in following the rationale expressed in *Peer*. While the attorney in *Peer* was not, unlike Tejedor and her law firm, named as a party, there is no substantive difference between their respective roles for purposes of §1132(g)(1). In both instances, the attorneys were litigating on behalf of their respective clients, without any independent liability to the Plan. The rationale expressed in *Peer* therefore applies, notwithstanding that Tejedor and her firm were named as parties by Publix:

> We agree . . . that ERISA's fee-shifting provision in Section 1132(g)(1) cannot support a fee award against counsel. The function of this statute is not to sanction attorney misconduct.

---

[2] A two step analysis is followed in the exercise of discretion as to whether to award fees under § 1132(g)(1): (1) whether the fee claimant has achieved some degree of success on the merits, and (2) whether five factors support an award, including the degree of the opposing parties' culpability or bad faith, their ability to pay fees, whether a fee award would deter other in similar circumstances, whether the fee claimant seeks to benefit all Plan participants and beneficiaries or resolve a significant legal question under ERISA, and the relative merits of the parties' positions. Florence *Nightingale Nursing Serv., Inc.* v. *Blue Cross/Blue Shield of Alabma*, 41 F.3d 1476, 1485 (11th Cir.1995).

. . .

The statute references plan 'participant[s],' 'beneficiar[ies],' and 'fiduciar[ies],' but does not mention attorneys or counsel. 'The proper presumption is that when a fee-shifting statute does not explicitly permit a fee award against counsel, it prohibits it.' (citations omitted). Because ERISA is silent about who must pay a fee award, the statute does not allow a court to award fees against a party's lawyers. *Peer*, 992 F.3d at 1263.

This rationale applies, notwithstanding that Tejedor and her firm were named as parties. Moreover, considering the examples of Tejedor and her firm's "culpable" conduct Publix argues justify a fee award (Dkt. 106, pp. 2-7, ¶¶ 1-6, 10-14, 16)("obstructive actions," "undeterred"), awarding fees based on that conduct would essentially constitute a sanction, circumventing the 'substantive and procedural requirements by shoehorning counsel into an ill-fitting fee-shifting statute." *Peer*, 992 F. 3d at 1264-65.[3] Indeed, Publix seeks fees against counsel based soley on their litigation conduct. It had no independent claim against the attorneys except for their role in holding the settlement proceeds in trust. The attorneys were not Plan participants, beneficiaries or fiduciaries. In sum, as Defendants correctly posit, "the rationale expressed by the Eleventh Circuit in *Peer* applies to attorneys functioning in their role as counsel-regardless of whether the Attorney defendants were named parties or not."

Alternatively, I find, even if § 1132(g)(1) authorizes a fee award against attorneys named as parties in an ERISA action, there is insufficient evidence of culpability or bad faith on the part of Tejedor and her firm to justify a fee award. While their actions in hindsight, and at the summary judgment stage, were ultimately shown to be without merit, their actions were consistent with their responsibility as zealous advocates, attempting to maximize their clients' recovery.

While Publix understandably criticizes the litigation tactics of Tejedor and her firm, I find their conduct was within the bounds of ethical and zealous advocacy. For example, as ethically

---

[3] Indeed, this court previously denied sanctions, finding "there is an insufficient showing of bad faith" by the attorney Defendants. (Dkt. 74, p. 11).

obligated, they escrowed the disputed funds, thereby protecting the *res*. They sought a lien allocation from the state probate court. In this court, they opposed preliminary injunctive relief, challenged jurisdiction, challenged their inclusion as parties, and successfully challenged Publix' attempt to seek declaratory relief.  At each interval, they relied on case law and statutory provisions in support of their legal positions. And although unsuccessful, they attempted to show through evidentiary submissions that the lien amount sought by Publix was unreasonable or excessive. In sum, their conduct falls short of culpable actions and bad faith warranting a fee award.

Publix' Motion(s) or Attorney's Fees (Dkts. 136, 138) are DENIED.

**DONE AND ORDERED** this 14th day of September, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies: counsel of record